EDWARD OHNSTAD v. HENRY MEYERS.
ST. ANTHONY & DAKOTA ELEVATOR COMPANY, APPELLANT.[1]

May 11, 1923.

. No. 23,278.

**Vacating judgment against garnishee.**
Application to open judgment against garnishee and permit further disclosure properly denied.   [Reporter.]

Action in the district court for Clay county to recover $292.50.   Appellant elevator company was garnisheed and disclosed that it had in its possession in its elevator certain grain belonging to defendant.   From an order, Nye, J., denying the motion of the garnishee to set aside the judgment against it in favor of plaintiff for $371.19, the garnishee appealed.   Affirmed.
*H. A. Libby* and *Christian G. Dosland,,* for appellant.
*N. I. Johnson,* for respondent.

PER CURIAM.
In the fall of 1919 plaintiff plowed nearly 100 acres of land for defendant located in the state of North Dakota near the Minnesota line.   In September, 1920, plaintiff began this action to recover the amount due for the plowing and garnished the St. Anthony & Dakota Elevator Company by serving a garnishee summons on the agent in charge of its elevator at Georgetown, Minnesota.   On October 12, 1920, the agent appeared in response to the garnishee summons and disclosed that the elevator company had in its possession in its elevator at Georgetown something over 1,100 bushels of grain belonging to the defendant.   Thereafter service by publication was made on defendant who was a resident of Iowa.   Judgment having been entered against defendant, judgment was entered against the garnishee on April 8, 1922.   On May 19, 1922, the garnishee made a motion to set aside this judgment on the ground that its agent had made a mistake in disclosing that the grain belonged to the defendant; that, in fact, it did not belong to defendant but to W. F. Meyers; and that a thresher's lien given by the laws of North Dakota and amounting to more than the value of the grain had been established against it.   The trial court denied the motion and the garnishee appealed.

[1]Reported in 194 N. W. 2.

It appears that defendant had an "equity" (the nature of which is not disclosed by this record) in a section of land in North Dakota; that the plowing was done on this land; that it was farmed by third parties on shares in 1920; that the grain in question was raised on this land and was deposited in the elevator by W. F. Meyers to whom the storage tickets were issued; and that W. F. Meyers is a son of defendant. While the grain was delivered to the elevator by W. F. Meyers and the storage tickets were issued in his name, it does not appear in what manner or by what means he acquired it, if it was in fact his property. It further appears that a few days after the garnishee disclosure defendant and his son, W. F. Meyers, and plaintiff and his attorney had a conference with the elevator agent at Georgetown in which the parties sought to have a part of the grain in the elevator applied in satisfaction of plaintiff's claim, and that the agent refused to allow this to be done on the ground that other parties claimed a lien on the grain. He had not mentioned any such claim in the disclosure. Thereafter suit was brought to enforce the thresher's lien above mentioned. The elevator company, W. F. Meyers and several other persons were made defendants in that action, but neither the plaintiff nor the defendant in the instant case were parties to it. The elevator company interposed an answer, but none of the other defendants did so, and the elevator company subsequently stipulated for judgment. The elevator company explains and excuses its conduct on the ground that its agent at Georgetown failed to inform any of his superior officers of the garnishment, and that none of the officers or attorneys of the company had any knowledge of it until after the judgment had been entered on the disclosure.

The application to open the judgment and permit a further disclosure was addressed to the discretion of the trial court, and the record will not warrant us in saying that the court abused its discretion.

Order affirmed.