THOMAS ROINESTAD AND ANOTHER v. J. E. McCARTHY. CONTINENTAL CASUALTY COMPANY, GARNISHEE, RESPONDENT.

82 N. W. (2d) 697.

April 18, 1957—No. 37,000.

*Firestone & Firestone* and *James H. Levy,* for appellants.

*Ryan, Kain & Mikan, Gordon J. Mangan,* and *John G. Kressel,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from an order vacating a default judgment against the garnishee in this action and permitting it to make a disclosure. The facts are not in dispute.

Defendant is now a resident of Florida. He formerly lived in Minnesota and was engaged in an insurance business. Plaintiffs commenced an action against defendant alleging that on or about March 28, 1954, plaintiffs purchased a 1950 Plymouth automobile and that defendant agreed to issue to them a comprehensive collision insurance policy covering this automobile. They further alleged that they paid defendant $150 as the premium for such policy and that defendant wrongfully issued to them a policy in a company not authorized to do business in Minnesota which has since become insolvent. Plaintiffs had a collision in which the automobile was damaged, and they suffered other damages, including loss of use of the automobile, amounting to a total of $1,180, which they sued to recover.

On September 22, 1954, plaintiffs served upon Continental Casualty Company, as garnishee, a garnishment summons alleging that this company had in its possession money or property belonging to defendant. The garnishee failed to make a disclosure. On January 19, 1955, plaintiffs' attorney made and filed an affidavit setting forth the default of the garnishee, and on the same day the court made findings of fact, conclusions of law, and order for judgment against the garnishee for twice the amount claimed by plaintiffs in the garnish-

ment summons. Judgment was entered pursuant thereto against the garnishee on the same date for $2,360.

On January 25, 1955, plaintiffs' attorney filed an affidavit for publication of the summons, setting forth that defendant is not a resident of Minnesota but is a resident of Florida; that plaintiffs have a lien on property of defendant by virtue of the judgment entered against the garnishee; and that he has mailed a copy of the summons and complaint and a copy of the garnishment summons to defendant at his last known address in Florida. The summons was thereafter published. On May 11, 1955, plaintiffs' attorney made and filed his affidavit of default setting forth the publication of the summons and that defendant was in default. Thereupon, the court made its findings of fact, conclusions of law, and order for judgment against defendant on July 5, 1955. Pursuant thereto, judgment was entered against defendant on August 5, 1955, for the sum of $1,243.45, representing the amount the court determined plaintiffs were entitled to recover from defendant and costs.

On January 31, 1956, the attorneys for plaintiffs wrote the garnishee informing it that judgment had been entered against it as garnishee on January 20, 1955, which judgment then amounted to $2,372, and that judgment had been entered against defendant on August 5, 1955, for $1,243.45. Demand was made for payment of the amount of the judgment entered against defendant. The letter contained, among other things, this statement: "Obviously, we are not entitled to collect from you, more than the amount of the judgment against the principal defendant." Upon receipt of this letter, the garnishee first learned that a judgment had been entered against it.

On February 17, 1956, the garnishee moved the court to set aside the judgment against it and to permit it to make a disclosure. The motion was supported by an affidavit of the garnishee's attorney setting forth that failure to disclose was due to the mistake, inadvertence, and neglect of said attorney and was due to factors over which neither the attorney nor the garnishee had any control. He stated that after the garnishment summons was served upon the garnishee he took the matter up with the attorney for plaintiffs and

procured an additional time in which to make a disclosure; that on October 22, 1954, he wrote the garnishee informing it of the results of the investigation and requesting that it supply him with the necessary information to make a disclosure; and that on October 25 the garnishee mailed a letter to its attorney supplying him with the requested information and setting forth that the garnishee was not indebted to defendant at the time the garnishment summons was served but said letter was either lost en route or was lost in the attorney's office. He also states that the judgment rendered against the garnishee was entered prior to the judgment against defendant and that the judgment was entered without any notice to the garnishee, contrary to District Court Rule 15 (1953 M. S. A. p. 4390).

On May 11, 1956, the court made its order vacating the default judgment against the garnishee and permitting it to make a disclosure upon condition that it pay plaintiffs the sum of $128.20 representing the expenses incurred by plaintiffs in obtaining the judgments against the garnishee and against the defendant. The garnishee has tendered that amount, which has been refused by plaintiffs, and has made a disclosure that it was not indebted to defendant in any amount at the time of the service of the garnishment summons. This appeal is from the order vacating the default judgment entered against the garnishee.

It is the contention of plaintiffs: (1) That under M. S. A. 571.53 and 571.54 judgment was properly entered against the garnishee prior to the entry of judgment against defendant; (2) that the motion to vacate the default judgment came too late under Rule 60.02 of the Rules of Civil Procedure; and (3) that, if the court had authority to vacate the default judgment, the garnishee has failed to make a sufficient showing to justify such action by the court.

■ The first question, and probably the decisive one, is whether a valid judgment was entered against the garnishee. Decision of that question involves a matter of statutory interpretation. Section 571.53 reads as follows:

"If any garnishee who is duly summoned fails to serve his disclosure as required in this chapter, upon proof by affidavit of such

facts, the court may render judgment against him for an amount not exceeding plaintiff's judgment against defendant or twice the amount claimed in the garnishee summons, *whichever is the smaller* but the court upon good cause shown may remove such default and permit the garnishee to disclose on such terms as may be just." (Italics supplied.)

Section 571.54 reads in part:

*"No judgment shall be rendered against a garnishee until after judgment is rendered against the defendant.* If the garnishee is not discharged, the cause shall be continued to abide the result in the main action. Judgment against a garnishee shall be rendered, if at all, for the amount due the defendant, or so much thereof as may be necessary to satisfy the plaintiff's judgment against such defendant, with costs taxed and allowed in the proceeding against the garnishee *but not to exceed twice the amount claimed in the garnishee summons.* Such judgment shall acquit and discharge the garnishee from all claims of all the parties named in the process in and to the property or money paid, delivered, or accounted for by such garnishee by force of such judgment." (Italics supplied.)

Prior to the enactment of L. 1945, c. 424, what is now § 571.53[1] read as follows:

"When any person duly summoned as garnishee neglects to appear at the time specified in the summons, or within one hour thereafter, he shall be defaulted, and a judgment payable in money shall be rendered against him for the amount of damages and costs recovered by the plaintiff in the action against the defendant, and execution may issue therefor directly against the property of such garnishee; but the court, upon good cause shown, may remove such default, and permit the garnishee to appear and answer on such terms as may be just."

The language of the first sentence of what is now § 571.54[2] was not changed by L. 1945, c. 424. It is the contention of plaintiffs that

[1]See, Minn. St. 1941, § 571.15 (Mason St. 1927, § 9368).
[2]See, Minn. St. 1941, § 571.16 (Mason St. 1927, § 9369).

L. 1945, c. 424, intended to permit entry of judgment against the garnishee for twice the amount demanded in the garnishment summons, even before entry of the judgment against the defendant, in case the garnishee failed to make a disclosure. We think that this position is untenable for several reasons.

Plaintiffs claim that, inasmuch as § 571.53 was changed and the first sentence of § 571.54 was not changed, they are in a position to invoke § 645.26, subd. 4, which reads:

"When the provisions of two or more laws passed at different sessions of the legislature are irreconcilable, the law latest in date of final enactment shall prevail."

What plaintiffs overlook is that L. 1945, c. 424, is a comprehensive act dealing with a subject of garnishment. All of Minn. St. 1941, c. 571, and L. 1943, c. 151, were repealed. It follows that M. S. A. 571.54 and 571.53 were adopted at the same time; consequently § 645.26 has no application. Furthermore, § 571.54 contains the following language:

"* * * Judgment against a garnishee shall be rendered, if at all, for the amount due the defendant, or so much thereof as may be necessary to satisfy the plaintiff's judgment against such defendant, with costs taxed and allowed in the proceeding against the garnishee *but not to exceed twice the amount claimed in the garnishee summons.*" (Italics supplied.)

The italicized portion above was added to § 571.54 at the same time as similar language was added to § 571.53.[3]

It is also significant to note that, if the garnishee denies liability to defendant, plaintiff may serve a supplemental complaint under § 571.51 for the purpose of controverting such denial, but the issues raised by such supplemental complaint must be tried "after judgment is rendered for plaintiff in the main action." It seems obvious to us that throughout our garnishment statutes the legislative intent

---

[3]For the antecedent provisions, see Minn. St. 1941, § 571.20 (Mason St. 1927, § 9373).

is manifested that no judgment may be entered against the garnishee until after judgment is rendered against the defendant. This seems logical because the garnishment is ancillary to the main action and, if plaintiff eventually fails to establish liability against the defendant, the garnishment must fall with the main action.[4]

Plaintiffs also ignore the language in § 571.53, italicized above, "whichever is the smaller." It is difficult to see how it could be determined which of the two alternative sums is the smaller until after judgment is entered against the defendant. We think that the amendment was intended to prevent entry of judgment against the defaulting garnishee for more than twice the amount claimed in the garnishee summons, even though the judgment ultimately obtained against defendant exceeded that amount.

■ Plaintiffs further argue that the legislature must have intended by the amendment to make it possible for a plaintiff suing a nonresident defendant to obtain jurisdiction by publication of the summons where the garnishee fails or refuses to make a disclosure. This argument is based on the premise that, until the garnishee has made a disclosure or until plaintiff has been permitted to enter judgment against the garnishee, he could have no lien on property of the defendant; hence that he could not meet the requirements of Rule 4.04 of the Rules of Civil Procedure.[5] The rule is a combina-

---

[4]See, 35 Minn. L. Rev. 501, 502, note 9.

[5]The rule, as far as material, reads:

"The summons may be served by three weeks' published notice in any of the cases enumerated hereafter, when an affidavit of the plaintiff or his attorney shall have been filed with the court, stating the existence of one of such cases and that he believes the defendant is not a resident of the state, or cannot be found therein, and either that he has mailed a copy of the summons to the defendant at his place of residence or that such residence is not known to him. The complaint shall be filed with such affidavit. The service of the summons shall be deemed complete 21 days after the first publication. Personal service of such summons without the state, proved by the affidavit of the person making the same sworn to before a person author-

tion of former statutes M. S. A. 1949, §§ 543.11 and 543.12.[6] The pertinent portions of the former statutes are, for practical purposes, the same as the rule.[7] Plaintiffs contend that, inasmuch as the rule requires filing of an affidavit stating that plaintiff has a *lien* upon property acquired by garnishment whereas the statute required an affidavit stating that defendant had property in the state, it was impossible to comply with the rule before judgment has been entered against the garnishee, in the absence of a disclosure by the garnishee admitting that it had property belonging to defendant. They further contend that, in view of the change effected by the rule, Minneapolis, St. P. & S. S. M. Ry. Co. v. Pierce, 103 Minn. 504, 115 N. W. 649, is no longer authority under the facts of this case. The basic facts of that case are almost identical with those in the case now before us.

---

ized to administer an oath, shall have the same effect as the published notice herein provided for.

"Such service shall be sufficient to confer jurisdiction:

\* \* \* \* \*

"(2) When the plaintiff has acquired a lien upon property or credits within the state by attachment or garnishment, and

\* \* \* \* \*

"(b) The defendant is a nonresident individual, \* \* \*."

[6] See, 1 Youngquist & Blacik, Minnesota Rules Practice, p. 92.

[7] M. S. A. 1949, § 543.11. "In any of the cases mentioned in section 543.12 when the sheriff of the county in which the action is brought shall have duly determined that the defendant cannot be found therein and an affidavit of the plaintiff or his attorney shall have been filed with the clerk, stating the existence of one of such cases and that he believes the defendant is not a resident of the state, or cannot be found therein, and either that he has mailed a copy of the summons to the defendant at his place of residence, or that such residence is not known to him, service of the summons may be made upon such defendant by three weeks' published notice thereof. Personal service of such summons without the state proved by the affidavit of the person making the same, made before an authorized officer having a seal, shall have the same effect as the published notice herein provided for."

M. S. A. 1949, § 543.12. "Such service shall be sufficient to confer jurisdiction:

\* \* \* \* \*

"(3) When the defendant is not a resident of the state, but has property therein, and the court has jurisdiction of the subject of the action."

We there held that, when a garnishee defaults, he admits that he has property of the defendant in his possession which is sufficient to enable plaintiff to acquire jurisdiction by the publication of the summons. The following language in our opinion in that case is significant (103 Minn. 507, 115 N. W. 650):

"* * * The right to publish the summons in the original action depended upon whether the defendant therein had property within the state. The judgment rendered in the original action could reach only the property within the state belonging to the defendant which prior to the publication of the summons had been attached through garnishment proceedings. If the garnishee had disclosed in due time that it was not indebted to Blunk, and had no money, property, or effects belonging to him in its hands, the original action would have fallen. If it had disclosed that it was indebted to Blunk, or had property belonging to him in its possession, it is necessarily conceded that the summons in the original action might have been properly published, and judgment entered and enforced to the extent of the property thus disclosed. The garnishee for some reason ignored the summons, and by its default admitted that it had property in its hands belonging to the defendant Blunk of the value of more than ten dollars. The admission, at least as against the garnishee, conclusively established the fact that Blunk had property in the state which was subject to levy and execution. A mere claim, supported by affidavit, that the garnishee has property belonging to the defendant, is not property. But the admission of a garnishee, by its default, creates a liability which is property, and constitutes a basis for the publication of the summons in the original action. The admission involved in the default is as effective as a disclosure which expressly admits the same thing. The result is identically the same. The garnishee becomes liable."

The argument of plaintiffs apparently is that, while a default on the part of the garnishee admits that it has property of the defendant in this state, such default does not admit that plaintiffs have acquired a lien on such property; hence that plaintiffs cannot file the necessary affidavit under Rule 4.04. If, as we said in the case

cited above, a default by the garnishee is an admission that it has property of defendant in the state, it is difficult to see why that admission does not have the same effect as if the garnishee made a disclosure admitting the same thing. Plaintiffs would have a lien on such property by virtue of the garnishment summons in one case as well as the other. By service of the garnishment summons plaintiffs acquire a lien on the property of defendant in the hands of the garnishee. When the garnishee defaults, thereby admitting that it has property of defendant in the state, we see no reason why plaintiffs may not comply with Rule 4.04 as much as if the garnishee makes the same admission by a disclosure. Under the above decision the garnishee's default was an admission of liability sufficient to enable plaintiffs to proceed with publication of summons. They then should have proceeded to perfect their judgment against defendant. Thereafter, assuming that the garnishee had not been relieved of its default, plaintiffs would have been in a position to enter judgment against the garnishee under § 571.53 for the amount of their judgment against defendant, or twice the amount claimed in the garnishment summons, whichever was the smaller, unless the court, upon good cause shown, had removed the default and had granted the garnishee permission to make a disclosure.

In construing a statute it is our duty to give effect to all related statutory provisions if that can be done. While it seems to us that the language of these statutes clearly excludes the interpretation plaintiffs urge us to adopt, even if that were not so, we must give effect to § 571.54, as well as to the preceding section, if it can be done. The only way that we can do so is to hold as we do, that L. 1945, c. 424, did not intend to permit entry of judgment against the garnishee prior to the entry of judgment against the defendant. It follows that the judgment entered against the garnishee here was premature and, under our statutes, was void.

■ In view of our conclusion above that the judgment against the garnishee was void, we need not determine whether a motion to vacate the judgment is governed by Rule 60.02. Even if it is, it would come under reason (4) of that rule and would not be gov-

erned by the one-year limitation for making such motion. No valid judgment having been entered, the motion was timely and the court clearly had power to remove the default and permit the garnishee to disclose under § 571.53. Such application is addressed to the sound discretion of the trial court[8] and its order will not be reversed except for an abuse of discretion.[9] The court here required the garnishee to pay the costs of procuring the judgment against defendant as a condition for vacation of the judgment against it. Inasmuch as these costs were incurred as a result of the garnishee's default, it was proper to require the garnishee to pay them as a condition to a vacation of the default. We find no abuse of discretion in the way the case was handled.

Affirmed.

[8]Goodrich v. Hopkins, 10 Minn. 130 (162).
[9]Ohnstad v. Meyers, 155 Minn. 507, 194 N. W. 2.