Debra NICHOLS, f/k/a Debra Heider, Judgment Creditor–Plaintiff, Appellant,

v.

John P. MEILAHN, Judgment Debtor–Defendant,

Emanual Ricardo Lopez, Judgment Debtor–Defendant, Respondent,

and

CIGNA Insurance Company, et al., Garnishees, Respondents.

No. CX–89–20.

Court of Appeals of Minnesota.

Sept. 5, 1989.

Review Denied Nov. 15, 1989.

---

Dennis R. Peterson, Rochester, for judgment creditor-plaintiff, appellant.

Steven J. Muth, Stich, Angell, Kreidler & Muth, Minneapolis, for judgment debtor-defendant.

Peter C. Sandberg, Dunlap, Keith, Finseth, Berndt & Sandberg, Rochester, for judgment debtor-defendant, respondent.

Lawrence M. Rocheford, Timothy C. Godfrey, Charles E. Gillin, Jardine, Logan & O'Brien, St. Paul, for respondents.

Heard, considered and decided by SCHUMACHER, P.J., and HUSPENI and FORSBERG, JJ.

## OPINION

HUSPENI, Judge.

The trial court, in denying appellant's motion for leave to file a supplemental complaint against respondent-garnishee insurers allegedly covering the owner, but not the driver, of the car which injured appellant, determined that the agreement approved in *Miller v. Shugart*, 316 N.W.2d 729 (Minn.1982) is distinguishable from that presented in the instant case. We affirm.

## FACTS

Appellant Debra Nichols was injured when she was trapped under a vehicle owned by Phillip Osmundson while trying to remove the vehicle from a ditch. Drivers of the car during the occurrence included John P. Meilahn and Emanuel Ricardo Lopez, but not Osmundson. Appellant sued Osmundson, Meilahn and Lopez, each of whom had liability insurance.

Appellant alleged that Osmundson's insurer provided coverage for the incident. Osmundson denied giving permission to Meilahn or Lopez to drive his car. On January 4, 1988 Meilahn and Lopez stipulated to a $60,000 judgment in exchange for appellant's agreement not to pursue either of them or their insurance carriers to collect the judgment. Appellant claimed that her agreement with Meilahn and Lopez was a *Miller–Shugart* agreement. On January 5, 1988 the trial court, by order, declared that the agreement did not bind Osmundson. Appellant then dismissed her claim against Osmundson with prejudice, intending to satisfy the judgment by garnishing Osmundson's insurer based on its alleged coverage of the incident. According to Osmundson's interrogatory answers, his insurer was respondent-garnishee Pacific Employers Insurance Company. According to his pretrial statement, his insurer was respondent-garnishee CIGNA Insurance Company.

In mid-February 1988, appellant initiated garnishment proceedings against CIGNA. CIGNA's garnishment disclosure denied "any obligation" to the judgment-debtors and stated that "[Osmundson's] policy was issued by [Pacific]."

Within the twenty day statutory period for challenging garnishment disclosures, appellant moved the court for permission to file a supplemental complaint challenging

CIGNA's denial of liability. In mid-May, before the trial court ruled on appellant's motion, appellant initiated garnishment proceedings against Pacific. Pacific returned its garnishment disclosure also denying liability to the judgment debtors. On July 25, 1988 the trial court found lack of probable cause to support a supplemental complaint against CIGNA, and denied appellant's motion. Two weeks later appellant moved for leave to file a supplemental complaint against both CIGNA and Pacific. While this action was pending, appellant named both insurance companies as garnishees in a third garnishment action. Both insurance companies again denied any obligations to the judgment debtors.

In denying appellant's motion for leave to file a supplemental complaint against both insurers, the trial court stated

[T]here is no judgment against the owner of the auto, Phillip Osmundson. [Appellant] dismissed him with prejudice from the lawsuit on January 5, 1988. As a result, [appellant] cannot garnish his insurance carrier because there is no underlying liability. * * *

Even if [appellant] did have an avenue of relief from either of the garnishees, she forfeited such relief by operation of law. Her first garnishment action against CIGNA was quashed by virtue of the court's order on July 25, 1988. * * * If she wanted to challenge this order, she should have appealed. * * *

[Appellant's] second garnishment action against Pacific is also barred by law. * * * Pacific filed and served its disclosure on May 26, 1988, and received a full discharge on June 18, 1988. [Appellant] failed to preserve her claim within that period. She also failed to show why she should be entitled to relief from the discharge. The court acknowledges that there was initial confusion about the identity of Osmundson's insurance carrier. Nonetheless, [appellant] has not satisfactorily shown why this confusion prohibited her from preserving her claim in a timely manner.

## ISSUE

Did the trial court err in denying appellant's motion for leave to file a supplemental complaint against the insurance companies?

## ANALYSIS

The trial court ruled that appellant forfeited her ability to collect her judgment "by operation of law." The supreme court has stated that "an appellate court need not give deference to a trial court's decision on a legal issue." *Frost–Benco Electric Assn. v. Minnesota Public Utilities Commission*, 358 N.W.2d 639, 642 (Minn. 1984). Therefore, we review the trial court's ruling *de novo*.

### A. BASIS FOR GARNISHMENT

Agreements similar to that set out in *Miller v. Shugart*, 316 N.W.2d 729, 731–32 (Minn.1982) can provide a basis for garnishing an insurer. *Id.* at 732. Appellant alleges that her agreement with the judgment debtors was a *Miller–Shugart* agreement and therefore provided a basis for garnishing Osmundson's insurer. We disagree.

In *Miller*, as here, plaintiff was injured by a vehicle driven by someone other than its owner. Additionally, both here and in *Miller* the plaintiff sued both the vehicle's owner and driver(s). Also, in both cases it was agreed that the judgment to which the parties stipulated would not be collected from the settling parties but from applicable insurance. *See Miller*, 316 N.W.2d at 731–32. There is, however, a critical difference between *Miller* and this case, and we find that difference to be dispositive against appellant. In *Miller* one of the stipulating defendants was the vehicle owner, who was the named insured on the policy upon which plaintiff hoped to collect and the individual upon whom personal liability would rest if no insurance coverage were provided. Here, not only was the owner and named insured (Osmundson) not a stipulating party, but by court order he was declared not to be bound by the other parties' stipulation. Further, appellant dismissed her claim against Osmundson with

prejudice, thus removing him from the suit altogether.

*Miller–Shugart* agreements traditionally have involved a named insured. The involvement of such an individual in the agreement provides, we believe, the necessary conduit through which any ultimate liability of an insurer is determined. We also believe such involvement was contemplated by the Minnesota Supreme Court in *Miller* when it indicated that a critical question in evaluating a *Miller–Shugart* agreement is

> whether the judgment stipulated to by the plaintiff and the defendant insureds is the kind of liability the insurer has agreed under its policy to pay.

*Id.* at 732. The agreement here between appellant and drivers Meilahn and Lopez involved no insured. This agreement cannot be evaluated under the criteria set forth in *Miller,* and any attempt to fit the agreement into the *Miller* rationale would result in a tortured construction and an unwarranted extension of that opinion.

Finally, were this court to accept appellant's arguments regarding the nature of her agreement with Meilahn and Lopez, we would, in effect, be approving agreements which vest in the plaintiff total discretion to include or exclude a named insured under a policy and yet bind the insurer to the agreement. An atmosphere unwholesomely conducive to collusion would result.

## B. CIGNA GARNISHMENT

In view of our determination that the stipulation appellant made with Meilahn and Lopez does not qualify as a *Miller–Shugart* agreement, appellant's arguments regarding the subsequent garnishment proceeding against Osmundson's insurers, CIGNA and Pacific, must fall. Appellant's failure to establish liability against Osmundson is determinative regarding any action against Osmundson's insurers. *Roinestad v. McCarthy,* 249 Minn. 396, 402, 82 N.W.2d 697, 701 (1957). However, in the interest of fully analyzing all aspects of this matter, we shall address those proceedings.

■ On April 6, 1988, appellant moved for leave to file a supplemental complaint against CIGNA. In denying that motion on July 25, 1988, the trial court determined that "probable cause to support * * * a supplemental complaint * * * has not been shown." On August 1, 1988, appellant's counsel received notice of the filing of the July 25, 1988 order.

This court has stated that "the trial court's order [denying leave to file a supplemental complaint] is appealable." *Johnson Motor Co. Inc. v. Cue,* 352 N.W.2d 114, 116 (Minn.Ct.App.1984), *pet. for rev. denied* (Minn. Oct. 11, 1984). Therefore, appellant had "30 days after service by the adverse party of written notice of filing" to appeal the trial court's denial of her motion to file a supplemental complaint against CIGNA. Minn.R.Civ.App.P. 104.01. The July 25, 1988 order was not appealed. The 30 day appeal time ended August 31, 1988.

> The limitation of time within which an appeal may be taken from an appealable order *is jurisdictional* [and an appellate court] *cannot* extend the time for an appeal.

*Schaust v. Town Board of Hollywood Township,* 295 Minn. 571, 573, 204 N.W.2d 646, 648 (1973) (emphasis added).

This court is without jurisdiction to review the issue of a supplemental complaint against CIGNA.

## C. PACIFIC GARNISHMENT

In a garnishment proceeding

> If the garnishee denies indebtedness to the judgment debtor, * * * the filing in court of a copy of the denial shall operate as a full discharge of the garnishee at the end of 20 days from the date of service of the disclosure, in the absence of further proceedings [providing for a supplemental complaint]. * * * The filing of objections to the disclosure or the filing of any motion or other proceedings shall operate as a stay of the discharge. The court may, upon proper showing, relieve the judgment creditor from the

**876**

operation of the discharge after the expiration of 20 days.

Minn.Stat. § 571.50 (1988).

■ Pacific's initial garnishment disclosure disclaiming liability to the judgment debtors was served on appellant's counsel and filed with the trial court in late May 1988. Appellant took no action during the twenty day period for contesting a garnishment disclosure; therefore, Pacific was statutorily discharged no later than June 21, 1988.

In mid-August 1988, appellant served Pacific with a motion for leave to file a supplemental complaint. Appellant's counsel mentioned confusion regarding the initial identity of Osmundson's insurer as a reason for the delay. The trial court, in addressing appellant's confusion regarding the identity of Osmundson's insurer, found that appellant was not thereby prevented from preserving her claim in a timely manner. We agree. Confusion regarding the identity of an insurer is independent of the ability to contest an identified insurer's garnishment disclosure. In any event, appellant's confusion was remedied before she garnished Pacific. There was no error in the trial court's determination that Pacific was statutorily discharged.

### DECISION

The trial court did not err in ruling that appellant's agreement with the judgment debtors was not a *Miller–Shugart* agreement. The trial court did not err in denying appellant's motion to file a supplemental complaint against Pacific. This court is without jurisdiction to review denial of appellant's request to file a supplemental complaint against CIGNA.

Affirmed.