**CITY OF WILLMAR MUNICIPAL UTILITIES COMMISSION, Respondent,**

v.

**KANDIYOHI COOPERATIVE ELECTRIC POWER ASSOCIATION, Appellant (C1–89–1458), Respondent (C0–89–1466)**

**and**

**Minnesota Public Utilities Commission, intervenor, Respondent (C1–89–1458), Appellant (C0–89–1466).**

Nos. C1–89–1458, C0–89–1466.

Court of Appeals of Minnesota.

March 6, 1990.

Review Denied April 27, 1990.

Byron E. Starns, Susan M. Robiner, Leonard Street and Deinard, Minneapolis, Richard L. Ronning, Willmar City Atty., Willmar, for City of Willmar Mun. Utilities Com'n.

Harold LeVander, Jr., Seth M. Colton, Maun, Hayes, Simon, Johanneson, Brell and Odlaug, St. Paul, William N. Bernard, Bernard & Johnson, Willmar, for respondent Kandiyohi Co-op.

Hubert H. Humphrey, III, Atty. Gen., Margie Hendriksen, Sp. Asst. Atty. Gen., St. Paul, for Minnesota Public Utilities Com'n, intervenor.

Andrew J. Shea, Timothy J. Nolan, O'Connor and Hannan, Minneapolis, for amicus curiae Minnesota Mun. Utilities Ass'n.

Carla J. Heyl, St. Paul, for amicus curiae League of Minnesota Cities.

Considered and decided by RANDALL, P.J., and SCHUMACHER and SCHULTZ,* JJ.

## OPINION

HAROLD W. SCHULTZ, Judge.

Appellant, a cooperative power association, challenges an injunction prohibiting it from extending electric service without a franchise to new customers in an area assigned to appellant but recently annexed by the City of Willmar. The Minnesota Public Utilities Commission has also appealed, claiming the district court lacked the au-

* Acting as judge of the court of appeals by appointment pursuant to Minn. Const. art. VI, § 2.

thority to decide the parties' dispute over electric service. We agree and reverse.

## FACTS

Appellant Kandiyohi Cooperative Electric Power Association ("Kandiyohi") is a rural electric cooperative association whose principal offices are located in the City of Willmar ("City"). Respondent City of Willmar Municipal Utilities Commission ("Willmar") is an electric utility owned by the City.

In 1975, Kandiyohi and Willmar were assigned service areas around the City, pursuant to orders by the Minnesota Public Utilities Commission ("MPUC"). Thereafter, the orders were amended, resulting in the assignment to both Kandiyohi and Willmar of different areas located within a development known as Westwind Estates, outside the City limits.

In April 1989, the City annexed property located in Westwind Estates. Eight of the annexed lots and a portion of a ninth were located in Kandiyohi's assigned service area.

There had never been any customers in the annexed area to which Kandiyohi had actually provided electrical service; however, at the time of annexation, Kandiyohi did have electric lines bordering four of the nine annexed lots. Willmar had no electric facilities in the annexed area.

In early June 1989, an owner of one of the annexed lots in Kandiyohi's area began constructing a home. Willmar thereafter extended an electric line into Kandiyohi's area without Kandiyohi's consent and without obtaining approval from the MPUC. Kandiyohi objected to Willmar's extension of service in its assigned area, but Willmar did not respond. Kandiyohi, in turn, began preparing to provide temporary power to the new home.

Willmar filed a motion in district court, seeking an injunction prohibiting Kandiyohi from extending service within the annexed area without a franchise from the City. A hearing was held on June 22, 1989, and the parties indicated that they had arrived at a temporary solution pending further court proceedings, which were scheduled for July 12, 1989.

On July 3, 1989, Kandiyohi filed a complaint with the MPUC, alleging that Willmar's extension of services was improper and duplicative. Kandiyohi requested that the MPUC order Willmar to remove its facilities from Kandiyohi's assigned area. The same day, Kandiyohi filed a motion in district court to dismiss the injunction proceedings, based upon lack of subject matter jurisdiction. The MPUC subsequently intervened in the district court proceedings, also requesting dismissal based on lack of subject matter jurisdiction.

On July 12, 1989, the district court heard oral argument and accepted into evidence written materials submitted by the parties. On July 14, 1989, the court issued an order determining that Kandiyohi had not previously been furnishing electric service to customers in the area annexed by the City; therefore, by law Willmar was entitled to provide service in the annexed area without notifying and receiving authority from the MPUC. The court's order permanently enjoined Kandiyohi from extending electrical services within Westwind Estates unless Kandiyohi obtained a franchise from the City.

The district court's order was reduced to judgment on July 17, 1989. On that same date, the MPUC heard arguments regarding Kandiyohi's complaint. On August 9, 1989, the MPUC issued its order in the matter, and subsequently issued a final order denying reconsideration.

Kandiyohi and the MPUC filed the present appeal, challenging the district court's order. Willmar has challenged the MPUC's order in a separate appeal.

## ISSUES

1. Did the district court have the authority to determine who should serve the annexed area?

2. May this court consider materials which were not made a part of the record?

## ANALYSIS

### I.

■ The legislature has provided for the assignment of areas to and between elec-

tric utilities. Minn.Stat. §§ 216B.37–.47 (1988). The purpose of assigning these areas is:

> [T]o encourage the development of coordinated statewide electric service at retail, to eliminate or avoid unnecessary duplication of electric utility facilities, and to promote economical, efficient, and adequate electric service to the public * * *.

Minn.Stat. § 216B.37 (1988).

In general, each electric utility has the exclusive right to provide retail electric service to "each and every present and future customer in its assigned service area." Minn.Stat. § 216B.40 (1988). The legislature has prohibited an electric utility from extending service into the assigned service area of another utility without its consent, unless such extension is necessary to connect to another assigned service area. *Id.*

The annexation of any part of an assigned service area of an electric utility "shall not in any respect impair or affect the rights of the electric utility to continue and extend electric service at retail throughout any part of its assigned service area unless a municipality which owns and operates an electric utility elects to purchase the facilities and property of the electric utility as provided in section 216B.44." Minn.Stat. § 216B.41 (1988).

Minn.Stat. § 216B.44 (1988) is the statutory provision which has led to the dispute in the present case:

> Notwithstanding the provisions of sections 216B.38 to 216B.42, whenever a municipality which owns and operates an electric utility (a) extends its corporate boundaries through annexation * * * the municipality *shall* thereafter furnish electric service to these areas *unless* the area is already *receiving electric service* from an electric utility, in which event, the municipality may purchase the facilities of the electric utility serving the area * * *.

(Emphasis added.) Additional language within this statute indicates that where the area has been formerly served by a utility and the municipality elects to purchase the facilities of that utility, the parties must make a decision regarding compensation for the appropriate value of the properties within the area. If the parties are unable to arrive at an agreement over compensation, the statute provides for a hearing by the MPUC. Minn.Stat. § 216B.44.

The legislature, however, has not indicated the procedure to follow when there is a question whether an area was "receiving electric service" prior to annexation. Here, the parties' dispute centers on the question whether the area annexed by the City was previously receiving electric service by Kandiyohi.

The district court determined that the area was not previously receiving electric service by Kandiyohi. Therefore, in accordance with section 216B.44, the court concluded Willmar "shall thereafter furnish electric service to these areas," unless Kandiyohi obtained a franchise from the City. Kandiyohi and the MPUC argue the district court did not have the authority to decide whether the area was previously receiving electric service; appellants argue this determination lies solely within the province of the MPUC. We agree.

As indicated above, Minn.Stat. § 216B.44 does not specifically indicate who should determine whether an area is already receiving electric service from an electric utility. Where the language of a statute is unclear, this court must construe the statute to determine the legislature's intent. Minn.Stat. § 645.16 (1988).

There are several reasons to conclude the legislature intended that the MPUC, rather than the district court, should determine whether an area has already been receiving electric service prior to annexation. We note first that the statutes governing assigned service areas consistently refer to the jurisdiction of the MPUC. *See, e.g.,* Minn.Stat. §§ 216B.36; 216B.39; 216B.43; and 216B.44. Various provisions within a statute relating to the same subject matter must be interpreted in light of one another. *Lenz v. Coon Creek Watershed District,* 278 Minn. 1, 153 N.W.2d 209 (1967); *Roinestad v. McCarthy,* 249 Minn. 396, 82 N.W.2d 697 (1957).

In addition, other provisions within the Public Utilities Act give the Commission authority to adjudicate conflicts within its jurisdiction. *See, e.g.,* Minn.Stat. §§ 216B.08; 216B.66 (1988).

Further, in creating and establishing the Public Utilities Commission, the legislature has provided:

With respect to those matters within its jurisdiction the commission shall receive, hear and determine all petitions filed with it in accordance with the rules of practice and procedure promulgated by the commission, and may investigate, hold hearings and make determinations upon its own motion to the same extent, and in every instance, in which it may do so upon petition.

Minn.Stat. § 216A.05, subd. 5 (1988).

Our decision requiring resolution of the present dispute by the MPUC, rather than the district court, is also supported by the policy favoring deference to administrative interpretations of a statute. *See* Minn. Stat. § 645.16(8) (1988). As appellants argue, the determination whether an annexed area has been previously receiving electric service by another utility involves questions regarding the location of existing power lines, capacity, and number of customers in the area. In addition, the determination requires consideration of long range planning by utilities regarding service to customers within their assigned service areas. Therefore, we believe the MPUC, which has a more thorough understanding of these questions, is the more appropriate forum to determine the question whether the annexed area was previously receiving electric service by Kandiyohi.

Our decision finds further support in the doctrine of primary jurisdiction.

The "primary jurisdiction" doctrine provides that "in cases raising issues of fact not within the conventional experience of judges or cases requiring the exercise of administrative discretion, agencies created * * * for regulating the subject matter should not be passed over." * * * "Court jurisdiction is not thereby ousted, but only postponed."

*Minnesota–Iowa Television Co. v. Watonwan T.V. Improvement Association,* 294 N.W.2d 297, 302 (Minn.1980) (citations omitted).

## II.

Willmar has moved to strike portions of appellants' appendices and briefs which refer to documents not made a part of the record in the district court. Willmar objects to references to subsequent proceedings before the MPUC, other MPUC service area disputes, and other district court cases involving service area disputes. Evidence not contained in the record below may not be considered by the court and must be stricken from the record. *Plowman v. Copeland, Buhl & Co.,* 261 N.W.2d 581, 583 (Minn.1977). Willmar's motion is therefore granted.

## DECISION

The district court was not authorized to determine whether the annexed area was previously receiving electric service from Kandiyohi.

Reversed.